FRAZER LUBRICATOR Co. *v.* FRAZER and others, Partners, etc.[1]

*(Circuit Court, D. Minnesota.* April, 1885.)

JURISDICTION OF CIRCUIT COURT—INFRINGEMENT OF TRADE-MARK—CITIZENSHIP.

An Illinois corporation brought suit in the United States circuit court for the district of Minnesota against S. F. & Co., a firm composed of citizens of the state of Illinois, and their agents, Z. & H., who were citizens of the state of Minnesota, to restrain them from infringing its trade-mark in the state of Minnesota. *Held,* on motion to dismiss for want of jurisdiction on the ground that the substantial controversy was between citizens of Illinois, Z. & H. having by answer disclaimed the alleged agency and denied any interest in the suit, that the circuit court had jurisdiction.

Motion to Dismiss.

The bill of complaint is filed by a corporation, citizen of Illinois, against defendants to enjoin them from using a trade-mark belonging to the complainant, or an imitation of it calculated and intended to deceive the public, and advertising that they kept on hand and were the sole agents for the sale of such axle-grease indicated in trade-mark. The trade-mark used by complainant is "Frazer's Axle Grease," printed on a label, with devices and pictures of wagons with horses and drivers, and other representations of a peculiar character. The bill charges that the defendants Frazer & Co. manufacture a similar axle-grease, and attached a label marked "Superior Axle Grease, manufactured by Frazer & Co.," with devices so nearly alike that used by complainant as to deceive the public; and that it is used for the purpose of fraudulently deceiving and misleading persons who buy and use axle-grease. There is also an allegation that defendants Yanz & Howes are the agents of Frazer & Co., in St. Paul, Minnesota, for the sale of axle-grease manufactured by them, and so advertise themselves, and are selling the said axle-grease labeled with the devices substantially similar to the trade-mark exclusively owned by complainant. An injunction is prayed for, etc.

The defendants composing the firm of Frazer & Co. are citizens of Illinois. Yanz & Howes are citizens of Minnesota, and reside in the city of St. Paul. Service of subpœna is made on Yanz & Howes, and this firm alone appear and file an answer, denying that they are agents of Frazer & Co., and allege that they purchased the axle-grease received and for sale by them in the open market in the course of trade, and that they have no interest in the other matters charged in the complaint. Replication is filed.

The title of the complainant to the trade-mark and the manufacture of "Frazer's Axle Grease," as set forth in the bill, is derived from certain assignments of letters patent, and contracts between the complainant, its grantors, and S. Frazer, one of the defendants. A motion is made to dismiss bill for want of jurisdiction. The princi-

[1] Reported by Robertson Howard, Esq., of the St. Paul bar.

pal reason assigned for dismissal is that the substantial controversy in the bill is between citizens of Illinois, and the defendants Yanz & Howes have no interest in it, and have disclaimed alleged agency in their answer.

*Horton & Morrison,* for complainant.

*John B. & W. H. Sanborn,* for defendants.

NELSON, J. I suppose the complainant could have brought this suit against Yanz & Howes alone. The controversy between these parties, citizens of different states, is that defendants advertised that they had on hand for sale an article of axle-grease, with a trade-mark "Superior Axle Grease, manufactured by S. Frazer & Co.," with devices similar to the trade-mark of the complainant, and tending to deceive the public. The object of the suit is to enjoin Yanz & Howes from calling the grease sold by them "Superior Axle Grease, manufactured by S. Frazer & Co.," for the purpose of making the public believe it is the "Frazer's Axle Grease" manufactured by complainant. It is the imitation of the device used by complainants that is sought to be enjoined, and there is no reason why the bill must fall because other parties defendant, not served, are citizens of the same state as the complainant. If the trade-mark used by Frazer & Co. is an imitation of complainant's, and used to deceive the public, the defendants who appear can be enjoined from advertising that they are the exclusive agents for the sale of axle-grease put up in the packages labeled as charged, and their denial in the answer of agency, is not conclusive. I shall deny motion to dismiss and let the suit go to hearing, when it can be more clearly determined whether the trade-mark used by defendants infringes the rights of the complainant.

Motion to dismiss bill denied.